UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRIDEX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1916 CDP |
| ) | |
| SYNERGETICS USA, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

As discussed in more detail in the telephone conference held with counsel this morning,

**IT IS HEREBY ORDERED** that plaintiff's Rule 30(b)(6) deposition notice relating to defendant's "employee expert opinions" is quashed, as it is just an attempt around my earlier telephonic ruling that these witnesses did not have to provide expert witness reports.

**IT IS FURTHER ORDERED** that Iridex's depositions of the two witnesses is limited to one seven-hour day each, but the questions may include any factual or opinion matters that Iridex deems relevant. If at the conclusion of either deposition, Iridex believes that it did not have an opportunity for sufficient discovery into either witness's opinions, it should file a motion seeking additional time to complete the deposition. If Iridex shows that it lacks important discovery and that it conducted

the depositions in good faith and as expeditiously as is reasonable under the circumstances, I will be liberal with granting additional time. Additionally, if Iridex believes it has been prejudiced by this ruling because one or the other witness ultimately gives new opinions that Iridex has not already learned in discovery or from other experts, then Iridex should file a motion explaining why it believes that and seeking additional time to obtain additional rebuttal expert reports.

**IT IS FURTHER ORDERED** that nothing in this order changes any deadlines already set by the Case Management Order. Additionally, my review of that order indicates that I failed to provide a deadline for filing <u>Daubert</u> motions. Any motions seeking to exclude expert testimony shall be filed no later than **November 10, 2006**, with briefs in opposition no later than **December 1, 2006** and any reply briefs no later than **December 15, 2006**. These are the same deadlines as apply to motions for summary judgment, and the parties may file combined motions or separate ones, as they see fit. The page limits for any combined memoranda are extended to 30 pages, but if separate memoranda in support of the motions are filed the page limit contained in the local rule will apply.

**IT IS FURTHER ORDERED** that absent <u>extreme emergency</u> I will no longer make myself available for telephone conferences. Instead, if the parties have future discovery disputes that they cannot resolve, they must file appropriate

motions, after first attempting to resolve their disputes without court intervention.  In attempting to resolve disputes counsel must actually talk to one another, not just write argumentative letters.  They should not attach any discovery negotiation letters to their motions, unless they believe the other side is lying in its briefs about what was offered or agreed to.  Accusations of lying should not be made lightly.

**IT IS FINALLY ORDERED** that the time for responding to discovery disputes will be extended as follows, so that I can rule on any disputes as promptly as possible.  Briefs in opposition to any discovery motion must be filed within **four calendar days** of the filing of any motion, and any reply brief must be filed within **three calendar days** of the brief in opposition.  These deadlines run from the time the motion or brief is filed in the CM/ECF system, and no time is added or excluded for mailing, intervening weekends, or holidays, and the provisions of any Federal or Local Rule to the contrary are suspended for purposes of discovery motions only.  If either party files a discovery motion on a weekend or holiday, counsel must notify opposing counsel on the business day immediately preceding the anticipated weekend or holiday filing.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2006.