UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRIDEX CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1916 CDP |
| | ) |
| SYNERGETICS, INC., and | ) |
| SYNERGETICS USA, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

At the most recent scheduling conference, I directed the parties to file a status report regarding defendants' pending motion to compel an agreement with Bausch & Lomb. The parties complied with my order, but asked me to reserve judgment on the motion pending their further discussions. I will deny the motion as moot, without prejudice to defendants' right to refile it if the parties cannot work out their dispute.

Defendants have moved to exclude the expert testimony of Thomas Smegal and to strike his expert report. Mr. Smegal is a lawyer who plaintiff wishes to call to testify that defendants' reliance on their opinion of counsel was not reasonable because the opinion is incompetent. Plaintiff opposes the motion, and argues that it is entitled to present evidence to challenge the defense of reliance on opinion of

counsel. I agree with plaintiff.

Plaintiff claims that defendants infringed its patent, and it also claims that defendants did so willfully. Defendants have provided notice that, in defense of the charge of willfulness, they will introduce their reliance on an opinion letter dated October 20, 1998, from attorney Joseph M. Rolnicki. Plaintiff has proposed calling Mr. Smegal to testify that Mr. Rolnicki's opinion was not competent, which goes to the issue of whether defendants' reliance on the opinion was reasonable. This is a relevant issue on which plaintiff is entitled to present evidence, including, if it wishes, expert testimony. See Hayes Microcomputer Products, Inc. v. Ven-Tel, Inc., 982 F.2d 1527, 1543 (Fed. Cir. 1992); Oxford Gene Technology Ltd. v. Mergen Ltd., 345 F. Supp. 431, 443 (D. Del. 2004).

Additionally, Mr. Smegal is qualified to opine on the "incompetence" of a legal opinion. He does not need to be an expert in the technology to opine on the legal opinion. I will not allow him, however, to testify about the legal standard of wilfulness or to his conclusion that the evidence shows willfulness. I will instruct the jury on the law, and will not allow witnesses to do that. With these limitations, which are the ones that apply in all cases, I will deny the motion to strike. I will also deny the request for production of additional documents, as the plaintiff has shown that its use of Mr. Smegal is not related to the documents for which it has

asserted the attorney-client privilege, and there has been no waiver as to those documents.

Defendants alternatively request additional time to obtain an expert who can testify in rebuttal to Mr. Smegal.  In the interests of justice, I will allow this, although I do not understand why defendants need an expert.  It may be that Mr. Rolnicki, who wrote the letter, is not available, and perhaps defendants do not think their own fact witnesses will be sufficient.  In any event, I will allow them a limited time (they said they could do it in two weeks, and I will hold them to that) to provide a report of an expert to testify in rebuttal to Mr. Smegal.

The parties are cautioned, however, that my rulings on this matter do not mean we are altering the normal rules of trial procedure.  Plaintiff will only be able to present Mr. Smegal's testimony if defendants, in fact, present an advice of counsel defense at trial.  This defense, obviously, cannot happen in plaintiff's case in chief, but will have to be presented in defendant's case.  If plaintiff calls Mr. Smegal, therefore, it will have to do so its rebuttal case.  Only after plaintiff presents Mr. Smegal would defendants be able to introduce evidence of their proposed "rebuttal" expert, which they would have to do as "sur-rebuttal" evidence.  This looks like overkill to me, but if the parties wish to proceed this way they are entitled to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel [#98] is denied as moot, without prejudice.

**IT IS FURTHER ORDERED** that defendants' motion to strike expert report of Thomas Smegal [#53, #56] is denied.

**IT IS FURTHER ORDERED** that defendants' alternative request to be allowed additional time to designate an expert in rebuttal to Mr. Smegal is granted, and any expert report must be provided to plaintiff no later than **December 22, 2006**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2006.