UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRIDEX CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1916 CDP |
| | ) | |
| SYNERGETICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Iridex seeks an order compelling discovery of any advice of counsel that Synergetics has received related to whether its products infringe the patent at issue in this suit. This is because Iridex claims willful infringement, and Synergetics intends to present evidence that it had obtained reliable counsel opinions that its products did not infringe, so it cannot be liable for willful infringement. Synergetics has produced three opinion letters from attorneys it refers to as "opinion counsel," and has provided discovery into those opinions. It has refused, however, to produce any discovery related to any advice of counsel it has obtained from trial counsel.

There is no doubt that Synergetics has waived the attorney-client privilege and work-product protections with regard to opinions of counsel related to infringement. See In re Echostar Communications Corp., 448 F.3d 1294 (Fed. Cir.

2006). This waiver applies to advice from trial counsel as well as formal opinion letters obtained from other lawyers. While district courts considering these issues after Echostar have reached slightly different conclusions on particular points, I conclude that this result is required by the Echostar decision itself. See generally Autobytel, Inc. v. Dealix Corp., 455 F. Supp. 2d 569 (E.D. Tex. 2006); Genentech, Inc. v. Insmed, Inc., 442 F. Supp.2d 838 (N. D. Cal. 2006); Informatica Corp. v. Business Objects Data Integration, Inc., 454 F. Supp. 2d 957 (N. D. Cal. 2006); Beck Systems, Inc. v. Managesoft Corp., 2006 WL 2037356 (N. D. Ill. 2006).

Synergetics must provide discovery about opinions of counsel that were communicated to Synergetics concerning whether its accused devices infringe, regardless whether the opinions were given by trial counsel or by other lawyers, unless those opinions were given solely for the purpose of considering settlement options. The waiver extends to all communications opining on infringement, but does not include any attorney work product or opinions that have not been communicated to Synergetics. Synergetics must produce any documents that relate or describe such communications, even if the documents themselves were not provided to the client, but may redact references to work product that was not communicated. Although the timing of opinions might provide a limit of what is discoverable, in this case Synergetics is still selling the accused devices, so it

appears that all opinions would be relevant to the willfulness inquiry. My exclusion of opinions given solely for the purpose of evaluating settlement options may be inconsistent with some of the other District Court opinions that the parties have cited, but I believe it is appropriate to promote the public policy favoring the compromise and settlement of disputes, and it is not inconsistent with the controlling Federal Circuit precedent.

My intention is to include in this order, and to require discovery of, all matters that fit within what <u>Echostar</u> described as its first and third categories only. <u>See</u> <u>Echostar</u>, 448 F.3d at 1202-03. I cannot tell from the parties' filings, however, exactly what Synergetics has that must be produced under this order. I will therefore direct the parties to attempt to work this out, and to report to me at beginning of the summary judgment hearing to be held next week whether they have remaining disputes about the scope of this required supplementation. If they have such disputes, counsel must be prepared to tell me exactly what the disputes are and I will rule at that time, as I do not want further briefs or motions on this issue. It may be necessary for Synergetics to bring documents with it for my <u>in camera</u> examination if there are close questions about whether they must be produced, although I certainly hope that will not be necessary.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#223] is granted to the extent set forth above.

**IT IS FURTHER ORDERED** that at the hearing scheduled for next week, counsel will be expected to report any disputes they have about what exactly will be produced in response to this order, and I will resolve any disputes at that time.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2007.