UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IRIDEX CORPORATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1916 CDP |
| | ) | |
| SYNERGETICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This opinion deals with the parties' cross-motions for summary judgment on Synergetics' invalidity defenses. Synergetics argues that that Iridex's '492 patent fails to meet the written description and enablement requirements of 35 U.S.C. § 112 and that the patent is anticipated by the Laserscope patent. Alternatively, it argues that the patent is obvious in light of Laserscope and other prior art. I conclude from the undisputed evidence that Iridex is entitled to judgment as a matter of law on Synergetics' defenses under the written description and enablement requirements. I also conclude that the undisputed evidence shows that the Laserscope patent does not contain all of the elements of the patent in suit, so the '492 patent is not invalid for anticipation. I conclude that factual issues remain that preclude a summary determination of the obviousness defense.

I.      **Written Description/Enablement**

Under 35 U.S.C. § 112, a patent must include a written description "of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same . . ." This provision contains "two closely related requirements." Lizardtech, Inc. v. Earth Resource Mapping, Inc., 424 F.3d 1336, 1344 (Fed. Cir. 2005). The first is that the written description must allow a person of ordinary skill in the art to know that the inventor possessed the invention, and the other is that the description must be sufficient to enable such a person to make the invention without undue experimentation. Id. at 1344-45. The written description requirement prevents "an applicant from later asserting that he invented that which he did not." Pandrol USA, LP v. Airboss Ry. Prods., Inct., 424 F.3d 1161, 1165 (Fed. Cir. 2005) (citation omitted). The issue is whether the specifications adequately support the breadth of all the claims that are presented, and this determination is made on a claim by claim basis. Capon v. Eshhar, 418 F.3d 1349, 1360 (Fed. Cir. 2005).

For its argument that the specification fails to provide notice to one skilled in the art that Iridex possessed the invention at the time of the '492 patent, Synergetics does not point to any particular claim that is not adequately supported

by the patent specification. Instead, Synergetics argues with the court's claims construction and argues that if the claims are broad enough to cover the Synergetics products, they must be invalid. The vagueness of this argument shows the problem Synergetics has: it cannot point to any claim that is broader than the specification, and therefore this § 112 argument must fail. Synergetics also argues that § 112 requires the claims to be limited to the one embodiment shown in the specification, but this again is not the law. Nothing in § 112 requires the specifications to describe all possible embodiments: "A claim will not be invalidated on section 112 grounds simply because the embodiments of the specification do not contain examples explicitly covering the full scope of the claim language." Lizardtech, 424 F.3d at 1345. Finally, to the extent that Synergetics attempts to argue that Iridex's patent must be narrowed under § 112 because Iridex criticized Synergetics' products, this argument fails because the statements were made years after the patent was obtained. This is a far different case from Honeywell International, Inc. v. ITT Industries, Inc., 452 F.3d 1312 (Fed. Cir. 2006), on which Synergetics relies, because in Honeywell the supposedly limiting statements were made during the prosecution of the patent. Additionally, of course, Iridex's statements compared Synergetics' product to Iridex's product, not to Iridex's patent. The undisputed evidence shows that a

person of skill in the art would know from the patent what Iridex had invented.

Synergetics' lack of enablement argument relies largely on its own unsupported statements about how hard it was for it to invent its infringing products. The evidence it presented on this point simply shows that it spent several years seeking to improve its own product, which, as Iridex correctly points out, only goes to show that it was experimenting in an attempt to make a commercially successful product. That is not the test of enablement. Enablement "does not turn on whether the accused product is enabled. Rather, to be enabling, the specification of the patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation." <u>Durel Corp. v. Osram Sylvania Inc.</u>, 256 F.3d 1298, 1306 (Fed. Cir. 2001) (internal quotation omitted).

Synergetics relies on a conclusory affidavit of its president, who stated that Synergetics "invested an enormous amount of time and energy in research and development." This is hardly convincing evidence. Much more persuasive on the written description and enablement defenses is the deposition testimony of Michael Auld, a Synergetics employee, who testified that he was able to create the Synergetics product even without having an Iridex laser because, "luckily, the Kelsoe patent does a good job of teaching the system itself, right, so you can just

read the patent and understand the – you know, the mechanics of what's going on there." Auld deposition, page 16, lines 5-8. Synergetics has presented nothing that would support a § 112 defense, and Iridex is entitled to summary judgment on these defenses.

## II. Anticipation by Laserscope

Synergetics argues that the '492 patent is invalid because it is fully anticipated by the Laserscope patent. Under 35 U.S.C § 102(a), a person "is not entitled to a patent if the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country." Anticipation is a question of fact, but summary judgment may be appropriate where there is no genuine issue of material fact. Med. Instrumentation & Diagnostics Corp., 344 F.3d 1205, 1220 (Fed. Cir. 2003). A patent claim is invalid by anticipation where a single prior art reference either expressly or inherently discloses each limitation of that claim. Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1376 (Fed. Cir. 2005).

It is undisputed that the Laserscope patent does not include an SMA-style male connector. Synergetics has admitted this both in its briefs and in its argument at the summary judgment hearing. This element is required by most of the claims. Additionally, Laserscope does not disclose a ferrule, something that is

also necessary for most of the claims. Synergetics attempts to avoid this problem by arguing that because Laserscope talks about a "holding means" this element is present, but the '492 patent requires a ferrule, because that is the means disclosed in the specifications to meet this means-plus-function claim element. Synergetics also argues that Laserscope's reference to a "conventional optical coupler" means the same thing as a "connector" or ferrule, but this is simply wrong. The Laserscope patent itself and the references cited by the experts distinguish between a coupler and a connector, and Synergetics has provided nothing other than confusing expert testimony to suggest that these are the same things. Most importantly, all of the claims require a means for establishing a defined electrical characteristic between the contact element and the engagement member. This element is not disclosed by Laserscope. In the Laserscope patent, a threaded coupling sleeve is the closest equivalent to the '492 patent's engagement member, and there is no means for establishing an electrical characteristic between this threaded coupling sleeve and the contact elements. Laserscope discloses three contact elements, and the electrical connection there is between these three contact elements. Synergetics argues that the Court should pick out one of the contact elements and call it an engagement member in order to find anticipation, but that would be an unnatural reading of Laserscope. Therefore, Laserscope lacks at least

one claim element required by each of the claims of the '492 patent.

Synergetics has the burden of proving by clear and convincing evidence that the Laserscope patent anticipates the '492 patent. Schumer v. Lab. Computer Systems, Inc., 308 F.3d 1304 (Fed. Cir. 2002). Iridex has demonstrated that Synergetics cannot meet this standard, and even its own experts disagree about the proper interpretation of the Laserscope patent. As Synergetics has not produced evidence from which a reasonable juror could find in its favor, Iridex is entitled to summary judgment on this defense.

## III.  Obviousness

Synergetics argues that the Laserscope patent in combination with the rest of the prior art renders the '492 patent obvious. Under 35 U.S.C. § 103(a), a claim is obvious if "the differences between the subject mater and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person of ordinary skill in the art to which said subject matter pertains." The Supreme Court has directed that in considering an obviousness defense, the court must: (1) determine the scope and content of the prior art, (2) ascertain the differences between the prior art and the claims at issue, (3) resolve the level of ordinary skill in the pertinent art, and (4) utilize such secondary considerations as commercial success, long felt but unresolved needs,

failure of others, etc., to give light to the circumstances surrounding the origin of the subject mater sought to be patented. Graham v. John Deere Co., 383 U.S. 1, 17 (1966). Obviousness is a question of law based on the factual inquiries required by the Graham factors. Princeton Biochemicals, Inc. v. Beckman Coulter, Inc., 411 F.3d 1332, 1336 (Fed. Cir. 2005). Prior art teachings are properly combined where "a person of ordinary skill in the art, possessed with the understandings and knowledge reflected in the prior art, and motivated by the general problem facing the inventor, would have been led to make the combination recited in the claims." In re Kahn, 441 F.3d 977, 988 (Fed. Cir. 2006).

Recent Federal Circuit cases on obviousness have provided inconsistent guidance about what must be shown to meet the "motivation to combine" requirement. In Teleflex, Inc. v. KSR International Co., 119 Fed. Appx. 282 (Fed. Cir. 2005), the court held that the district court had improperly applied the "teaching-suggestion-motivation" test, which "requires a court to make specific findings showing a teaching, suggestion, or motivation to combine prior art teachings in the particular manner claimed by the patent at issue." Id. at 290. There the party had failed to show that the prior art contained a specific teaching, suggestion or motivation to combine the prior art in precisely the way the patent

did, and the Federal Circuit ruled that summary judgment of obviousness should not have been granted. The Supreme Court granted certiorari on the case and has already heard the arguments, although it has not yet issued a decision.

More recently the Federal Circuit has found several patents invalid as obvious, in cases that some people believe are inconsistent with KSR: Dippin Dots Inc. v. Mosey, Nos. 2005-1330, 2005-1582, 2007 WL 430195 (Fed. Cir. Feb. 9, 2007); Dystar Textilfarben GMBH & Co. v. C. H. Patrick Co., 464 F.3d 1356 (Fed. Cir. 2006); Alza Corp. v. Mylan Laboratories, Inc., 464 F.3d 1286 (Fed. Cir. 2006); In re Kahn, 441 F.3d 977 (Fed. Cir. 2006). Synergetics argues that the Circuit realized the categorical approach it had endorsed in KSR would be rejected by the Supreme Court, and so it eased its approach on obviousness. Iridex argues that no matter what the test, Synergetics' obviousness defense fails as a matter of law.

I conclude that genuine disputes of material fact preclude granting summary judgment on this issue. Synergetics argues that certain things were commonly known in the industry, and that combining this common knowledge with the prior art would render the invention obvious. But whether these things were known in the art is a disputed fact, so even if Synergetics were correct about the law, it would not prevail on summary judgment. Both the law and the evidence here are

sufficiently disputed that I cannot conclude that either party should prevail as a matter of law.

## Conclusion

Iridex is entitled to summary judgment on Synergetics' defenses under § 112 and on its defense of anticipation. I conclude that factual disputes remain which preclude entry of summary judgment on the defense of obviousness, and so this validity defense will remain for trial.

Accordingly,

**IT IS HEREBY ORDERED** that Iridex's motion for summary judgment of validity [#122] is granted in part, and Iridex shall have summary judgment on all validity defenses except obviousness, which remains for trial.

**IT IS FURTHER ORDERED** that Synergetics' motion for summary judgment as it relates to invalidity is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2007.